IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARRY N. NIXON, SR.,

    Petitioner,

v.                                  CASE NO. 18-3139-JWL

DAWN HILTON, Colonel,
Commandant USDB-Leavenworth,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is confined at the United States Disciplinary Barracks in Fort Leavenworth, Kansas. Petitioner seeks to set aside his 2009 rape conviction by general court-martial, based on the recent holding in *United States v. Mangahas*, 77 M.J. 220 (C.A.A.F. 2018). The Court finds that *Mangahas* does not provide Petitioner relief and denies the Petition.

## I. FACTUAL BACKGROUND

Petitioner, a former active duty member of the United States Air Force, was tried by a general court-martial in September 2009. *See United States v. Nixon*, No. ACM 37622, 2012 WL 5991775 (A.F. Ct. Crim. App. Nov. 14, 2012) (unpublished decision). The factual background of this matter was summarized in the United States Air Force Court of Criminal Appeals ("AFCCA") as follows:

> In 2005, [Petitioner] confessed to his wife, SSN, that he had molested two of this three daughters, ANS and STN. A third daughter, ANN, eventually alleged that [Petitioner] had molested her as well. [Petitioner] was charged with rape, indecent acts, and assault with intent to commit rape against STN. The alleged acts of molestation against ANS and ANN were barred from prosecution by the statute of limitations. The Government sought to admit evidence of these uncharged acts under Mil. R. Evid. 414.

1

*Id.* at *1. Petitioner was charged with two specifications (counts) of indecent acts with a child, one specification of assault with intent to commit rape, one specification of assault consummated by a battery, and one specification of rape. *Id*. With the exception of the simple assault specification, which involved his wife, the alleged victim was Petitioner's youngest daughter. Petitioner was convicted as follows:

> Contrary to his pleas, [Petitioner] was convicted of the rape charge and specification. Consistent with his pleas, [Petitioner] was convicted of the specification alleging assault consummated by a battery, and the two specifications alleging indecent acts with a child. [Petitioner] pled guilty by exceptions and substitutions to the specification of assault with intent to commit rape. The Government elected to prove the offense as charged, and the members found [Petitioner] guilty by exceptions. The members sentenced [Petitioner] to confinement for 18 years. The convening authority approved the sentence as adjudged.

*Id*.

Petitioner appealed, raising sixteen issues for review before the AFCCA. *Id*. The AFCCA found no error that prejudiced a substantial right of Petitioner and affirmed the findings and sentence. *Id*. The Court of Appeals for the Armed Forces ("CAAF") denied further review. *United States v. Nixon*, 72 M.J. 248 (C.A.A.F. April 3, 2013). The CAAF denied Petitioner's motion for reconsideration. *United States v. Nixon*, 72 M.J. 256 (C.A.A.F. April 18, 2013). Petitioner was represented by appointed military appellate counsel during his appellate proceedings.

On January 10, 2014, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 with this Court. *See Nixon v. Ledwith*, Case No. 14-3007-RDR, 2015 WL 12864251, at *1 (D. Kan. Feb. 17, 2015). Petitioner raised three grounds for relief.[1] This Court denied the

---

[1] Petitioner raised the following issues: (1) he was denied his Constitutional right to due process, his Sixth Amendment right to confrontation and to be appraised of all charges against him when the Military Judge and the

petition, finding that the military courts gave full and fair consideration to all of Petitioner's claims. *Id.* Petitioner appealed, and the United States Court of Appeals for the Tenth Circuit affirmed, finding that Petitioner waived review of claims two and three, and that the military courts fully and fairly reviewed claim one. *Nixon v. Ledwith*, 635 F. App'x 560 (10th Cir. Jan. 6, 2016) (unpublished).

On June 5, 2018, Petitioner filed the instant habeas corpus petition under 28 U.S.C. § 2241, alleging one ground for relief—that his rape charge was barred by the then-applicable statute of limitations. Petitioner acknowledges that he did not raise Ground One before the military courts, stating that it "is a new issue based on new case law." (Doc. 1, at 6, 9–10.) Petitioner seeks "[t]he charge of rape be set aside, immediate relief from sentence, and order for a new sentence." (Doc. 1, at 7.)

## II. ANALYSIS

A federal court may grant habeas corpus relief where a prisoner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). However, the Court's review of court-martial proceedings is very limited. *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir. 2010). The Supreme Court has explained that "[m]ilitary law, like state law, is a jurisprudence which exists separate from the law which governs in our federal judicial establishment," and "Congress has taken great care both to define the rights of those subject to military law, and provide a complete system of review within the military system to secure those rights." *Nixon*, 635 F. App'x at 563 (quoting

---

AFCCA permitted both unchargeable conduct and uncharged misconduct using M.R.E. 414 without establishing either relevance or conducting the necessary balancing tests for prejudice, as required by both M.R.E. 414 and M.R.E. 403; (2) the Military Judge failed to properly instruct and limit jury members on the reasons for admission of unchargeable conduct and uncharged misconduct, its relevance given Petitioner's guilty pleas; and (3) the CAAF and AFCCA were substantially misled by the prosecution's response brief containing material misstatements of fact that would have, if true, answered the M.R.E. 414's requirement for relevance to the contested rape charge. *Id.* at Doc. 1, p. 6–7.

*Burns v. Wilson*, 346 U.S. 137, 140 (1953)). "[W]hen a military decision has dealt fully and fairly with an allegation raised in [a habeas] application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Thomas*, 625 F.2d at 670 (quoting *Burns*, 346 U.S. at 142). Instead, it is the limited function of the civil courts "to determine whether the military have given fair consideration to each of the petitioner's claims." *Id*. (citing *Burns*, 346 U.S. at 145). Any claims that were not presented to the military courts are deemed waived. *Id*. (citing *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003)).

Petitioner alleges that his trial for the offense of rape was barred by the then-applicable statute of limitations, relying on *United States v. Mangahas*, 77 M.J. 220 (C.A.A.F. 2018). In *Mangahas*, prosecutors were able to bring rape charges eighteen years after the incident because, at the time of the prosecution in 2015, the Uniform Code of Military Justice ("UCMJ") provided that there was no statute of limitations for offenses punishable by death—and rape was such an offense. *Id*. at 221; *see* Article 43, UCMJ, 10 U.S.C. § 843 (1994); *see also* Article 120, UCMJ, 10 U.S.C. § 920 (1994). The statute of limitations for all other crimes, in the absence of express language to the contrary, was five years. *Mangahas*, 77 M.J. at 222 (citing Article 43(b)(1), UCMJ).

On appeal, the CAAF considered the charge of rape brought against Mangahas in light of *Coker v. Georgia*, 433 U.S. 584 (1977), a Supreme Court case holding that for the crime of rape of an adult woman, the death penalty was a constitutionally impermissible penalty in violation of the cruel and unusual punishment clause of the Eighth Amendment. *Mangahas*, 77 M.J. at 223 (citing *Coker*, 433 U.S. at 592). The CAAF dismissed that charge, finding that because rape could not be punishable by death, the offense of rape is not exempt from the five-year statute of limitations. *Mangahas*, 77 M.J. at 225.

Petitioner argues that the new ruling in *Mangahas* should apply retroactively to his case, arguing that the Supreme Court's decision in *Kennedy v. Louisiana*, 554 U.S. 407 (2008), stands for the proposition that the death penalty for the rape of a child is likewise unconstitutional, rendering his rape charge subject to the default five-year statute of limitations.[2] Petitioner alleges that he was not charged with rape until April 1, 2009, for incidents occurring between January 1, 2002 and June 30, 2003.

Petitioner's conviction is final and his current habeas case is before the court on collateral review. Military prisoners must collaterally challenge the results of their court martial by filing a § 2241 habeas action. *Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011). "This is due to the evanescent nature of court martial proceedings: the sentencing court literally dissolves after sentencing and is no longer available to test a prisoner's collateral attack." *Id*. (citations omitted). However, *Mangahas* was decided on direct review to the CAAF, and this distinction is critical.

The new rule articulated in the CAAF's holding in *Mangahas* cannot be applied retroactively to cases on collateral review. When a decision results in a new rule, "that rule applies to all criminal cases still pending on direct review," but "[a]s to convictions that are already final . . . the rule applies only in limited circumstances." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (citation omitted). The Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989), set forth an analysis for retroactivity in cases on federal collateral review. The Supreme Court in *Teague* carved out two exceptions to its general bar on retroactivity. A prisoner, through a collateral proceeding, may only obtain the benefit of a new rule, or the creation of a new rule in

---

[2] Petitioner argues that the 2002 Manual for Court Martial ("MCM") applies and provides for no statute of limitations for offenses punishable by death, and a five-year statute of limitations for all other offenses. *See* Doc. 7, at 5. The parties disagree as to whether or not subsequent amendments, providing for a longer statute of limitations, apply retroactively. In light of the Court's ruling, the Court need not resolve this dispute.

his or her case, if that rule falls within one of the two exceptions to the general principle that new rules will not be applied on collateral review. *Id.*

The Supreme Court in *Schriro* described the analysis as follows:

> New *substantive* rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, . . ., as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish . . .. Such rules apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal'" or faces a punishment that the law cannot impose upon him. . . .
>
> New rules of procedure, on the other hand, generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give retroactive effect to only a small set of "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." . . . That a new procedural rule is "fundamental" in some abstract sense is not enough; the rule must be one "without which the likelihood of an accurate conviction is *seriously* diminished." . . . This class of rules is extremely narrow, and "it is unlikely that any . . . 'ha[s] yet to emerge.'" . . .

*Schriro*, 542 U.S. at 351–52 (internal citations omitted).

The first *Teague* exception permits the retroactive application of a new rule if it is substantive. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. . . . In contrast, rules that regulate only the *manner of determining* the [Petitioner's] culpability are procedural." *Id.* at 353; *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (finding that the decision in *Johnson*, striking down the residual clause of the ACCA, was substantive where it affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied). In determining whether a new rule is substantive or procedural, the Court must consider the function of the new

6

rule, not its underlying constitutional source. *Welch*, 136 S. Ct. at 1265 (citation omitted) (stating that the *Teague* balance depends "on whether the new rule itself has a procedural function or a substantive function—that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons that the law punishes."). Here, the change in the limitations period does not decriminalize any types of conduct, nor does it alter the range of conduct or class of persons that the law punishes. *See Schriro*, 542 U.S. at 354 ("A decision that modifies the elements of an offense is normally substantive rather than procedureal."). The rule in *Mangahas* does not alter the fact that Petitioner was the person who committed the rape, and the rape for which he was convicted still constitutes a criminal offense. This case does not fit within the first *Teague* exception.

The second *Teague* exception is for "watershed rules of criminal procedure" which implicate both the accuracy and "the fundamental fairness" of the criminal proceeding. *Teague*, 489 U.S. at 311–15. To qualify as a watershed rule, it must meet two requirements: First, the rule must be necessary to prevent an impermissibly large risk of an inaccurate conviction; second, the rule must alter our understanding of the bedrock procedural elements essential to the fairness of the proceeding. *Whorton v. Bockting*, 549 U.S. 406, 418 (2007) (internal quotations and citations omitted).

The Supreme Court has noted that because these procedures would be so central to an accurate determination of innocence or guilt, it is unlikely that many such components of basic due process have yet to emerge. *See Teague*, 489 U.S. at 313 (stating that such rules are "best illustrated by recalling the classic grounds for the issuance of a writ of habeas corpus—that the proceeding was dominated by mob violence; that the prosecutor knowingly made use of perjured testimony or that the conviction was based on a confession extorted from the defendant by brutal

methods") (citation omitted); *Schriro*, 542 U.S. at 352 ("This class of rules is extremely narrow, and 'it is unlikely that any . . . ha[s] yet to emerge.'") (citation omitted); *Whorton*, 549 U.S. at 418–19 (stating that in the years since *Teague*, the Supreme Court has "rejected every claim that a new rule satisfied the requirements for watershed status") (citations omitted). The Supreme Court in *Whorton*, refers to *Gideon v. Wainwright*, 372 U.S. 335 (1963), as the only case identified as qualifying under this exception. *Whorton*, 549 U.S. at 419 (noting that in *Gideon* the Supreme Court held that counsel must be appointed for any indigent defendant charged with a felony). In referring to *Gideon*, the Supreme Court held that "less sweeping and fundamental rules" do not qualify. *Id.* at 421; *see also Brown v. Uphoff*, 381 F.3d 1219, 1226 (10th Cir. 2004) (noting that the rule at issue was not "on the magnitude of the rule announced in *Gideon v. Wainwright*" as it must be to fit within the *Teague* exception).

*Mangahas* does not create a watershed rule because it meets neither of the two requirements: It is neither necessary to prevent an impermissibly large risk of inaccurate convictions nor does it alter our understanding of the bedrock procedural elements essential to the fairness of the proceeding. The rule in *Mangahas* is not of the magnitude of the rule announced in *Gideon*.[3]

### III. CONCLUSION

Because the new rule in *Mangahas* does not fit within either of the non-retroactivity exceptions set forth in *Teague*, Petitioner cannot apply it in the instant habeas case. The *Mangahas* ruling does not apply retroactively to undermine Petitioner's rape conviction on collateral review.

---

[3] The Court notes that the current provision of the UCMJ provides that "[a] person charged with . . . rape or sexual assault of a child . . . may be tried at any time without limitation." 10 U.S.C. § 843(a) (effective December 19, 2014).

**IT IS THEREFORE ORDERED BY THE COURT** that the petition for habeas corpus is **denied.**

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 25th day of October, 2018.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**